{¶ 79} Although I concur in the majority opinion insofar as it overrules the Ohio EPA's first, second, third, and fourth assignments of error, and overrules Textileather's second assignment of error and sustains its third assignment of error, I must respectfully dissent from its overruling of Textileather's first assignment of error.
 {¶ 80} For the foregoing reasons, I would sustain Textileather's first assignment of error to the extent that it contends that "THE ERAC ERRED WHEN IT ALLOWED THE OHIO EPA TO GIVE THE CLOSURE PLAN REVIEW GUIDANCETHE EFFECT OF *Page 32 
LAW WHERE THE GUIDANCE WAS NOT PROMULGATED UNDER CHAPTER 119 OF THE OHIO REVISED CODE." (Emphasis added.)
 {¶ 81} The majority opinion addresses the facial validity of the Closure Plan Review Guidance ("CPRG") correctly noting that the CPRG facially is limited to being an "internal management rule" which is expressly excluded from the definition of "rule" by R.C. 119.01(C).
 {¶ 82} However, R.C. 119.01(C) expressly includes within the definition of rule an internal management rule which "affects private rights." The issue raised by the first assignment of error is not facial validity of the CPRG but, instead, the validity of the application of the CPRG by the Ohio EPA to give it the effect of law, that is, the effect of a rule required by R.C. Chapter 119 to be promulgated and take effect in the manner specified in R.C. Chapter 119. None of the procedural requirements which are required before a rule can become effective and enforced were followed in the adoption of the CPRG which procedures were not required as long as application of the CPRG was limited to being an internal management rule.
 {¶ 83} Here, however, the EPA did not limit application of the CPRG to the function of an internal management rule but, instead, in the Notice of Deficiency expressly ordered Textileather to comply with various specified portions of the CPRG. This constituted application of the CPRG as a rule which was binding upon Textileather.
 {¶ 84} Although the majority opinion states that the CPRG provides specifics by which the Ohio EPA can "gauge" whether a closure plan meets the requirements of Ohio Adm. Code 3745-66-11 (B) which poses a broad duty even assuming that is correct, it does not detract from the requirement that the "explanation" of the vague, broad rule also *Page 33 
needs to be adopted in the manner required by R.C. Chapter 119. Also, if Ohio Adm. Code 3745-66-11 (B) is so "broad" that it needs another document to advise the Ohio EPA and owners/operators of what the specific requirements are, then the rule itself may be too vague to be effective as a rule. While an agency may interpret a rule and its interpretation must be given deference by a court, this is accomplished generally on a case-by-case basis rather than by adoption of a new type of written promulgation having the effect of a rule unless the promulgation is adopted in the manner specified in R.C. Chapter 119.
 {¶ 85} In order to be applied in any manner other than as an internal management rule by an agency to which R.C. Chapter 119 applies, the rule must be adopted in accordance with R.C. Chapter 119 including any internal management rule which is applied to affect any private rights. Here, the CPRG was so applied (to affect the private rights of Textileather) and, accordingly, the Ohio EPA erred in allowing the CPRG to be so applied by the Ohio EPA. *Page 1